UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALINA DRANITCA,                               Case No.  22-cv-5120

                      *Plaintiff*,

                                                                       **COMPLAINT**

       -against-                                        **JURY TRIAL DEMAND**

ALLIED UNIVERSAL, WILLIAM TOMKINS
and PAWEL MACZUGA,

                          *Defendants*.
-----------------------------------------------------------X

       Plaintiff, Alina Dranitca ("Plaintiff"), by and through her attorneys, Ballon Stoll P.C., complaining of Defendants, Allied Universal, William Tomkins and Pawel Maczuga (collectively, "Defendants"), alleges upon personal knowledge, unless where information and belief is stated, the following:

       1.       This is an action brought for substantial compensatory damages and reasonable counsel fees premised upon the Defendants' continuing acts of unlawful discrimination, retaliation and harassment, based on Plaintiff's gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 *et seq;* the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law") § 296, *et seq*., and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*

## JURISDICTION AND VENUE

       2.       This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 2000-e5(f)(1),5(f)(3) and supplemental jurisdiction over the State and City law claims pursuant to 28 U.S.C. § 1367 *et seq*.

1

3. As the Southern District is the district where a substantial part of the events giving rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391 (a)(2).

4. Plaintiff timely filed a charge with the EEOC against Defendants complaining of discrimination and sexual harassment on the basis of sex as alleged in this complaint.

5. On March 21, 2022 the EEOC issued Plaintiff a right to sue letter. (Attached hereto as **Exhibit 1**).

## THE PARTIES

*Plaintiff*

6. Plaintiff is a female.

7. Plaintiff is a "person" within the meaning of Title VII, Executive Law § 292(1), and within the meaning of New York City Administrative Code § 8-102(1).

8. Plaintiff resides in the County of Kings, State of New York.

9. At all relevant times Plaintiff worked at the Defendants' job site location at 16 W 19th Street, New York, NY 10011 at the Jade Condominium ("Jade Building").

*Defendants*

10. Defendant Allied Universal ("Defendant Universal") is a foreign corporation doing business in the State of New York. Allied Universal has its headquarters located in West Conshohocken, PA 19428 and an office located at 123 Williams Street, New York, NY 10038.

11. At all relevant times, Defendant Allied Universal, a security and facility services company, employed Plaintiff as a Security Guard.

12. Defendant William Tomkins ("Defendant Tomkins") is employed by Allied Universal as a field supervisor.

13. Upon information and belief, Defendant Tomkins had supervisory authority over Plaintiff; and, upon further information and belief, he is a key decision-maker as to personnel and staffing matters.

14. Defendant Pawel Maczuga ("Defendant Maczuga") is employed by Allied Universal as a manager.

15. Upon information and belief, Defendant Maczuga had supervisory authority over Plaintiff; and, upon further information and belief, he is a key decision-maker as to personnel and staffing matters.

## JURY DEMAND

16. Plaintiff hereby demands a trial by jury in this action.

## FACTS

17. Plaintiff began working for Defendants on or about November 30, 2020.

18. Plaintiff was hired for a Security Guard position.

19. At all relevant times she worked from a job site located at 16 W 19th St., New York, NY 10011, the Jade Condominium ("Jade Building").

20. Since February 2021, Plaintiff has been discriminated and retaliated against due to her sex.

21. Plaintiff was not paid for her sixteen-hour core training and her Paid Time Off ("PTO") days.

22. Plaintiff reports, that all her male coworkers were paid for the initial training and the PTO days.

23. Plaintiff made multiple requests for payment via email and text messages to her supervisor Pawel Machuga, however he never addressed her issues.

24. On February 8, 2021, Plaintiff came back to work from her sick leave from COVID-19.

25. Plaintiff worked an evening shift at the Jade Building, which started at 2 p.m. and finished at 12:00 AM.

26. Her male coworker, Inam Rehman ("Rehman"), worked night shift at the same location, which started at 12:00 AM, soon after Plaintiff's shift.

27. When Plaintiff was finishing her shift and wanted to punch out in the employees' system, Rehman, started making sexual comments and asking her whether she was single and who was her sexual partner.

28. At that time, Plaintiff was able to temporarily stop Rehman's sexual advances, however the harassment intensified in April again.

29. Rehman started coming to his shift 20 to 30 minutes earlier only to engage in sexual harassment against Plaintiff.

30. Rehman was constantly asking Plaintiff about her sex life and her marital status insinuating that a Plaintiff, as a single woman, should be interested in engaging in sexual activity.

31. Plaintiff was subjected to physical conduct of sexual nature as Rehman was always standing close to her and was trying to minimize the physical distance. For example, when Plaintiff was sitting at her desk he started to clean her desk only to be closer to her.

32. Most of the time, Rehman was trying to be as physically as close to Plaintiff as possible, until she punched out and went home.

33. Plaintiff couldn't leave earlier as she had to finish her shift.

34. In April 2021, Plaintiff was trying to reach her supervisor Pawel Maczuga to make a complaint of sexual harassment at the workplace, however he would not pick up her phone calls.

35. Plaintiff was also not paid for the core training and the PTO days.

36. On or about April 14, 2021, Plaintiff made a complaint to the field supervisor William Tomkins regarding the PTO days and one of her male coworkers showing her attitude during the shift.

37. Both of Plaintiff's complaints were ignored.

38. In or around beginning of May 2021, Plaintiff made another complaint to the field supervisor, William Tompkins, regarding the sexual harassment at her workplace that was directed at her, and her outstanding wages that were owed to her.

39. Defendant Tomkins told Plaintiff that he would discuss the issues with her direct supervisor Pawel Maczuga.

40. Defendants did not conduct any investigation and did not pay the Plaintiff.

41. No action was taken against Plaintiff's male coworker, Rehman, and the harassment did not stop.

42. On May 10, 2021, Plaintiff received a phone call from her supervisor Pawel Maczuga, that she did not have to come to work anymore as she was terminated from work at the Jade Building job site, by a building manager. He told her that Defendants would try to find her a new job location and a different shift.

43. During the May 10th phone call Plaintiff explained to Defendant Maczuga that she could only do evening shifts as she had physical therapy in the mornings for a back pain. She also could not have any standing position because of her back condition and could only travel to work

to Manhattan or Upper Brooklyn. Defendant Maczuga told Plaintiff that three supervisors would be calling her the following day.

44.     On May 11, 2021, Plaintiff received a phone call from three supervisors at Allied Universal, including Pawel Maczuga. They offered her a new job position at a distant job site, which was a morning shift and a standing position. Plaintiff could not accept this offer due to her back condition.

45.     Additionally, one of the supervisors, Mr. Chen, explained to Plaintiff that they have to assign other employee to the Jade Building job site, because she was coming back from a medical leave and she had children.

46.     Plaintiff's position was given to another employee who had dependents on her and that was provided as a reason for her termination from Jade Building job site. The reason was only a pretext as Plaintiff was terminated in retaliation.

47.     Additionally, on or about June 4, 2021 Plaintiff received a phone call from Jade Building manager who explained to her that they did not terminate her but Allied Universal did.

48.     Throughout Plaintiff's time working for Defendant Allied Universal, she had never had any performance issues.

49.     In or around June 2021, Plaintiff contacted another Allied Universal manager, Victor Santana, regarding her outstanding PTO and core training pay, which Defendants still owed her.

50.     On July 6, 2021, Plaintiff filed a complaint with Allied Universal purported ethics and compliance organization, Convercent, as per company's handbook, however they responded that Allied Universal was not a current customer of Convercent.

51. In July 2021, Plaintiff filed a complaint on Allied Universal's hotline but her complaint was not addressed.

52. On November 9, 2021, Plaintiff filed her EEOC Complaint.

53. Plaintiff reports, Plaintiff's termination was discriminatory due to her sex and in retaliation to Plaintiff's complaints in which she engaged in protected activity.

## FIRST CAUSE OF ACTION
### (Sex– Federal Claim Pursuant to Title VII Against Defendant Allied Universal)

54. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-53 as set forth above.

55. Defendants are employers as defined in Title VII, and at all relevant times herein employed Plaintiff.

56. In violation of 42 U.S.C. § 2000-e(2)(a), Defendants discriminated against Plaintiff based on her sex by allowing sexual harassment in a workplace, terminating Plaintiff and treating her less favorably as compared to similarly situated co-workers.

57. This discrimination was a result of intentional actions by Defendants and/or deliberate indifference by Defendants to treat Plaintiff differently than similarly situated employees that are not of Plaintiff's sex.

58. As a result of Defendant's discriminatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

## SECOND CAUSE OF ACTION
### (Sex – New York State Claim Pursuant to the Executive Law Against all Defendants)

59. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-58 as set forth above.

60. Defendants are employers as defined in Executive Law § 292(5) and at all relevant times herein employed Plaintiff.

61. Plaintiff is an employee within the meaning of Executive Law § 292(6).

62. In violation of Executive Law § 296, Defendants discriminated against Plaintiff based on sex by allowing sexual harassment at the work place and terminating her, and treating her differently and less favorably than similarly situated employees.

63. This discrimination was a result of intentional actions by Defendants and/or deliberate indifference by Defendants to treat Plaintiff differently than similarly situated employees that are not of Plaintiff's sex.

64. As a result of Defendants' discriminatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

**THIRD CAUSE OF ACTION**
**(Sex – New York City Claim Pursuant to**
**the Administrative Code Against All Defendants)**

65. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-64 as set forth above.

66. In violation of Administrative Code, § 8-101, Defendants discriminated against Plaintiff based on sex by allowing sexual harassment at the workplace and terminating her, and treating her differently and less favorably than similarly situated employees.

67. This discrimination was a result of intentional actions by Defendants and/or deliberate indifference by Defendants to treat Plaintiff differently than similarly situated employees that are not of Plaintiff's sex.

68. As a result of Defendants' discriminatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

### FOURTH CAUSE OF ACTION
**(Retaliation- Federal Claims pursuant to Title VII against Defendant Allied Universal)**

69. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-68 as set forth above.

70. Plaintiff was subjected to retaliation in that she was terminated solely as a result of her participation in protected activity.

71. As a result of Defendants' retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

### FIFTH CAUSE OF ACTION
**(Retaliation- New York State Claim under Executive Law against all Defendants)**

72. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-71 as set forth above.

73. Plaintiff was subjected to retaliation in that she was terminated solely as a result of her participation in protected activity.

74. As a result of Defendants' retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

## SIXTH CAUSE OF ACTION
### (Retaliation- New York City Claim under Administrative Code against all Defendants)

75. Plaintiff re-alleges and incorporates by reference herein paragraphs 1-74 as set forth above.

76. Plaintiff was subjected to retaliation in that she was terminated solely as a result of her participation in protected activity.

77. As a result of Defendants' retaliatory conduct, Plaintiff has incurred and will continue to incur damages, including but not limited to lost income--past and future, emotional distress, and loss of quality of life.

## SEVENTH CAUSE OF ACTION
### (Hostile Work Environment- Federal Claim against Defendant Allied Universal)

78. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-77 of this Complaint as though fully set forth in this paragraph of the Complaint.

79. Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff and allowed unwelcomed sexual advances in the workplace.

80. As a result of Defendants harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

81. As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life; and has incurred and will incur damages thereby.

## EIGHTH CAUSE OF ACTION

### (Hostile Work Environment- New York State Claim against all Defendants)

82. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-81 of this Complaint as though fully set forth in this paragraph of the Complaint.

83. Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff and allowed unwelcomed sexual advances in the workplace, in violation of New York State Human Rights Law; Executive Law §296(1)(a).

84. As a result of Defendants harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

85. As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life; and has incurred and will incur damages thereby.

## NINTH CAUSE OF ACTION

## (Hostile Work Environment- New York City Claim against all Defendants)

86. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained by reference herein paragraphs 1-85 of this Complaint as though fully set forth in this paragraph of the Complaint.

87. Defendants created a hostile work environment for Plaintiff, when they created an objectively abusive work environment for Plaintiff and allowed unwelcomed sexual advances in the workplace, in violation of the New York City Administrative Code 8-107(1)(a), *et seq*.

88. As a result of Defendants' harassing conduct, Plaintiff has incurred, and will continue to incur, damages thereby, but not limited to back pay, forward pay, and attorneys' fees.

89. As a result of defendants' harassing conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, and loss of enjoyment of life, and monetary damages including but not limited to legal fees; and has incurred and will incur damages thereby.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, awarding Plaintiff compensation and other damages in the form of back pay, front pay, and other monies and benefits unlawfully denied to Plaintiff, as well as for emotional distress, permanent damages to Plaintiff's emotional/mental well-being, loss of enjoyment of life, including pain and suffering, shame and humiliation.

1. On the First Cause of Action, judgment against Defendant Allied Universal, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

2. On the Second Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

3. On the Third Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and; and

4. On the Fourth Cause of Action, judgment against Defendant Allied Universal, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

5. On the Fifth Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and and

6. On the Sixth Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

7. On the Seventh Cause of Action, judgment against Defendant Allied Universal, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

8. On the Eighth Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

9. On the Ninth Cause of Action, judgment against all Defendants, in compensatory damages and attorneys' fees, in an exact amount to be determined at trial; and

That Plaintiff have such other, further, and different relief as the Court deem just, proper, and equitable in the circumstances, together with interest on all Causes of Action, attorneys' fees, and costs and disbursements in this action.

Dated: New York, New York
      June 17, 2022

                                      BALLON STOLL P.C.

                                      By: *s/Marshall Bellovin*
                                          Marshall B. Bellovin, Esq. (MB5508)
                                          *Attorneys for Plaintiff*
                                          810 Seventh Avenue, Suite 405
                                          New York, New York, 10019
                                          212-575-7900